IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EARNEST SAUCIER                                                    PLAINTIFF

V.                                              CAUSE NO. 1:13CV82-LG-JMR

UNITED STATES OF AMERICA;
SOCIAL SECURITY ADMINISTRATION;
UNKNOWN DEFENDANTS 1-10                              DEFENDANTS

ORDER GRANTING DEFENDANTS' SECOND MOTION TO
SET ASIDE ENTRY OF DEFAULT AND MOTION TO DISMISS

BEFORE THE COURT are the Motions to Set Aside the Entry of Default and

to Dismiss [7, 10] filed by Defendants United States of America and Social Security

Administration ("the federal defendants").  Having reviewed the pleadings and the

applicable law, it is the opinion of the Court that the clerk's entry of default should

be set aside, and the Complaint should be dismissed pursuant to Federal Rule of

Civil Procedure 12(b)(5).

BACKGROUND

This is a Federal Tort Claims Act (FTCA) case in which the plaintiff, Earnest

Saucier, alleges the United States and the Social Security Administration (SSA)

failed "to maintain its premises in Gulfport Mississippi in a safe condition for the

general public."  (Compl. 2, ECF No. 1).  Specifically, the facts in the Complaint

state that the location "presented a dangerous condition in that a foreign object (a

nail) was allowed to remain on the floor," and the plaintiff "stepped on the nail and

suffered injuries," including having his leg amputated.  (*Id.*)

The Complaint mentions the FTCA but does not cite any specific provision of

that statute under which the defendants should be held liable.  The Complaint references the "negligent acts and omissions of the Defendants," but it does not set forth any specific claims.  In his prayer for relief, the plaintiff seeks compensatory damages in the amount of $50 million, and punitive damages in the amount of $500,000.[1]  (*Id.* at 3).

The record shows that a summons was issued to "United States of America Social Security Administration" on March 20, 2013, the day after the Complaint was filed.  Some four months later, in July 2013, the plaintiff served the summons via certified mail to the General Counsel of the Social Security Administration in Baltimore, Maryland.  (ECF No. 3).

In November 2013, the plaintiff moved for clerk's entry of default "against the Defendant, Social Security Administration," on the grounds that it had not filed an answer or otherwise responded to the Complaint.  (ECF No. 4).  The clerk duly entered default against the "Defendant, United States of America" (hereinafter, the "first entry of default"). (ECF No. 6).  The federal defendants then filed their first Motion to Set Aside Entry of Default and Motion to Dismiss.  (ECF No. 7). However, the clerk subsequently disregarded the first entry of default because it was entered as to the incorrect defendant, and a docket annotation instructs that the first entry of default should be disregarded.

---

[1] In Saucier's Motion for Default Judgment, he appears to seek punitive damages in a much larger amount: $500 million.  (Mot. for Default J. 3, ECF No. 12).

The clerk then entered default as to the Social Security Administration (hereinafter, "second entry of default") (ECF No. 9). The federal defendants subsequently filed their Second Motion to Set Aside Entry of Default and Motion to Dismiss. (ECF No. 10). Given that the first entry of default has been disregarded, the Court will address the Second Motion to Set Aside Entry of Default, and the entry of default to which it pertains, in this Order.[2]

The federal defendants move to set aside the second entry of default and dismiss the Complaint on the grounds that the plaintiff failed to serve process in compliance with Federal Rule of Civil Procedure 4. They assert that because the defendants were not properly served, "no appearance, pleading, or other response to Plaintiff's Complaint was required at the time default was entered." (Defs.' Mem. in Support of 2d Mot. to Set Aside Entry of Default 1, ECF No. 11).

## DISCUSSION

Federal Rule of Civil Procedure 4 governs service of process of a summons in federal actions. The rule provides specific instructions for serving the United States and its agencies:

> **(1) United States.** To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the

_____

[2] The defendants' second motion is identical to their first motion, except that it seeks to set aside the second entry of default instead of the first. The first Motion to Set Aside Entry of Default (ECF No. 7) is moot.

action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

. . .

**(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

FED. R. CIV. P. 4(i)(1)-(2).  Under Rule 4, service must be completed "within 120 days after the complaint is filed."  FED. R. CIV. P. 4(m).

The federal defendants argue that the clerk's entry of default should be set aside, and this action should be dismissed, because Saucier did not serve a copy of the summons and complaint on the United States Attorney for this district, or the Attorney General of the United States, as required by Rule 4.  The federal defendants further argue that, although Saucier sent a copy of the summons and complaint via certified mail to the SSA, he failed to comply with the remainder of Rule 4(i)(2), which requires that he "serve the **United States and also** . . . the agency."  FED. R. CIV. P. 4(i)(2) (emphasis added).  In support of their Motion, the

federal defendants submit the declaration of Renée Yancey, who serves as the Civil
Process Clerk for the United States Attorney's Office in this district.  (ECF No. 10-
1).  Yancey's declaration states that "there is no record of the Summons and
Complaint . . . having been served upon the United States Attorney's Office of the
Southern District of Mississippi."  (*Id.*)

In response to the defendants' Motion, Plaintiff Saucier argues that
the SSA was duly served, and "service of process was proper and perfect," because
"the Plaintiff mailed the Summons and Complaint as directed in the Social Security
publication posted on the Official Social Security Website."  (Pl. Resp. to 2d Mot. to
Set Aside Entry of Default 2, ECF No. 14).  Saucier submits as an exhibit to his
response a document entitled "Progam Operations Manual System," which is
apparently published on the SSA's website, and sets forth information about service
of process on the SSA.  Saucier notes the instructions that the summons and
complaint should be sent to the SSA's General Counsel in Baltimore, and Saucier
maintains that he perfected service on the SSA in this case when he sent the
summons and complaint to that address.  (Pl. Resp. Ex. A 10, ECF No. 14-1).
Saucier does not address Federal Rule of Civil Procedure 4 in his response.  He
makes no claim that he served the United States Attorney or the Attorney General
of the United States.

The record in this action demonstrates that Saucier has failed to properly
serve the federal defendants with process under Rule 4.  There is no record of
Saucier having delivered a copy of the summons or complaint to the United States

Attorney, or of his having mailed the same to the civil process clerk at the United States Attorney's Office pursuant to Rule 4(i)(1)(A).  Nor has Saucier served the United States Attorney General with process, as required by Rule 4(i)(1)(B). Saucier may have partially complied with Rule 4(i)(2), which governs service of process on federal agencies such as the SSA, but the plain language of that rule requires that Saucier serve *both* the United States and the SSA to perfect service of process on an agency.  The instructions for service of process published on the SSA's website do not eliminate the requirements set forth in the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12 provides that the United States and a United States agency "must serve an answer to a complaint . . . within 60 days after service of process **on the United States attorney**."  FED. R. CIV. P. 12(a)(2) (emphasis added).  Here, the United States Attorney has not been served with process, and therefore no answer was due to be filed when the clerk's entry of default was entered.  The federal defendants have not "failed to plead or otherwise defend" against this action.  *See* FED. R. CIV. P. 55(a).  Accordingly, the defendants' Motion will be granted, and the clerk's entry of default shall be set aside.[3]

The federal defendants have also moved to dismiss Saucier's Complaint

---

[3] The Court notes that under Federal Rule of Civil Procedure Rule 4, the Court "must allow a party a reasonable time to cure its failure" to effectuate proper service under "Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States."  Fed. R. Civ. P. 4(i)(4).  As Saucier has not served either the U.S. Attorney or the Attorney General, this provision of Rule 4 is inapplicable.

pursuant to Federal Rule of Civil Procedure 12(b)(5). As set forth above, the Court has determined that Saucier has failed to properly serve the federal defendants with process. Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Additionally, the rule provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, Saucier has failed to properly serve the United States, and therefore, the Social Security Administration, within 120 days of the filing of his Complaint. He has long been on notice of the defendants' assertion that his service of process failed to comply with Rule 4. Saucier has not moved for additional time to effectuate service, and has not attempted to show good cause for his failure to properly serve process under Rule 4. Instead, Saucier has continued to argue that he perfected service of process on the SSA, despite Rule 4's clear language to the contrary. Under these circumstances, the Court will not exercise its discretion to extend the time for Saucier to serve process. *See Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996) (affirming district court's dismissal without prejudice of civil rights action where plaintiff failed to comply with FED. R. CIV. P. 4(i) and FED. R. CIV. P. 4(m)). The federal defendants' Motion to Dismiss will be granted, and this action will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [10] Second

Motion to Set Aside the Entry of Default and Motion to Dismiss filed by the Defendants United States of America and Social Security Administration is **GRANTED**. Plaintiff Earnest Saucier's claims against the United States of America and the Social Security Administration are **DISMISSED WITHOUT PREJUDICE.**

 **IT IS FURTHER ORDERED AND ADJUDGED** that the [7] Motion to Set Aside the Entry of Default and Motion to Dismiss filed by the Defendants United States of America and Social Security Administration is **DENIED AS MOOT**.

 **SO ORDERED AND ADJUDGED** this the 5th day of May, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE