IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**EARNEST SAUCIER**                                                                  **PLAINTIFF**

**v.**                                                           **CAUSE NO. 1:13CV82-LG-JMR**

**UNITED STATES OF AMERICA,
SOCIAL SECURITY ADMINISTRATION,
UNKNOWN DEFENDANTS 1-10**                                **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

BEFORE THE COURT is the [20] Motion for Reconsideration filed by Plaintiff Earnest Saucier ("Saucier"). Saucier asks the Court to reconsider its dismissal of his claims for insufficient service of process. Defendants United States of America and Social Security Administration ("the federal defendants") have filed a response in opposition to the Motion. Plaintiff Saucier has not filed a reply brief. For the reasons set forth below, the Court finds that the Motion is not well-taken and should be denied.

### BACKGROUND

Saucier filed a Complaint against the federal defendants stating a claim under the Federal Tort Claims Act (FTCA). Saucier alleged that the defendants failed to maintain their premises in a safe condition, and he suffered injury as a result. The federal defendants moved to dismiss Saucier's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) because Saucier had failed to effect service of process under Federal Rule of Civil Procedure 4.

The Court granted the Motion to Dismiss because Saucier had failed to properly serve the federal defendants. As the Court's order explained, the record

demonstrated that while Saucier had mailed a copy of the summons and complaint to the Social Security Administration, he had not attempted to serve the United States.  In order to properly serve a federal agency under Rule 4, Saucier was required to serve *both* the Social Security Administration and the United States.  Therefore, Saucier had not perfected service of process as required under Rule 4(i)(2), and his Complaint was dismissed under Rule 12(b)(5).  (Order Granting Defs.' 2d Mot. to Set Aside Entry of Default & Mot. to Dismiss, ECF No. 19).  Saucier now asks the Court to reverse its decision to dismiss his claims.

## DISCUSSION

Saucier's Motion does not cite which Federal Rule of Civil Procedure it invokes, but given that it was filed within 28 days of the Court's order dismissing his claims, the Court construes the Motion as one pursuant to Rule 59(e).[1]

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted).  A court may grant a Rule 59(e) motion where there is "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Arrieta v. Local 745 of the Int'l Bhd. of Teamsters*, 445 F. App'x 760, 762 (5th Cir. 2011) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).  Rule 59(e) motions should not be used to relitigate old matters or raise new arguments that could have

---

[1] That rule provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).


been presented earlier in the proceedings.  *See Templet,* 367 F.3d at 479 (citation omitted).  The Fifth Circuit has "described a Rule 59(e) motion as an extraordinary remedy that should be used sparingly."  *Id.* (citation omitted).

In his Motion for Reconsideration, Saucier does not point to any intervening change of law or new evidence that would require the Court to reconsider its dismissal of his claims.  Instead, Saucier contends that the Court should reverse its order on the grounds that he "followed the steps to perfect service of process as outlined by the Social Security Administration in accordance with Code of Federal Regulations § 423.1(b)."  (Mot. for Reconsid. 1, ECF No. 20).  Saucier also argues that service of process on the United States was unnecessary because the Commissioner of the Social Security Administration "is the only proper defendant in civil actions filed . . . under 42 U.S.C. § 405(g)."  (*Id.* at 3).  Saucier does not maintain that he perfected service of process pursuant to Federal Rule of Civil Procedure 4.

Saucier's arguments, which could have been raised in response to the federal defendants' Motion to Dismiss, do not establish grounds for reconsideration of the Court's decision to dismiss his Complaint.  Saucier points to 20 C.F.R. § 423.1(b), which provides that in suits against the Social Security Administration, summonses and complaints should be sent to the agency's General Counsel in Baltimore, Maryland.  As the Court noted in its previous order, Saucier did mail his summons and complaint to the General Counsel at the address provided.  However, Saucier's service of process on the Social Security Administration does not eliminate the

requirement that Saucier also serve the United States, as required by Federal Rule of Civil Procedure 4.  Saucier does not point to any provision within the Code of Federal Regulations, or any statute, that eliminates his duty to comply with Rule 4 to perfect service of process in a federal action.

Saucier's argument that there was no need to serve the United States with process because the Commissioner of Social Security is the only proper defendant in actions under 42 U.S.C. § 405(g) is similarly unavailing.  As the federal defendants point out, Saucier's Complaint is not an action filed pursuant to 42 U.S.C. § 405(g).  That statute provides for judicial review of administrative decisions by the Commissioner of Social Security.  Saucier filed his lawsuit pursuant to the Federal Tort Claims Act, which is a distinct statute providing for different remedies.  Accordingly, the proper defendant in a § 405(g) action is not relevant to this case.[2]  This is an FTCA case, and therefore the only proper defendant is the United States. *See Atorie Air, Inc. v. F.A.A. of U.S. Dep't of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991) (citing *Vernell v. United States Postal Service*, 819 F.2d 108, 109 (5th Cir. 1987)) ("All suits brought under the FTCA must be brought against the United States.").  Thus, Saucier's failure to serve the United States resulted in the dismissal of his claims pursuant to Federal Rule of Civil Procedure 12(b)(5).

Saucier's continued arguments that he perfected service upon the Social Security Administration, and therefore satisfied the agency's requirements for

---

[2] Regardless, Saucier did not name the Commissioner of Social Security as a party to this action.  The named defendants were the agency and the United States.

service of process, do not establish that he has complied with the Federal Rules of Civil Procedure; nor do they provide any basis on which the Court should reverse its order dismissing his claims.

## CONCLUSION

Plaintiff Saucier has not presented any new evidence or pointed to any intervening change of law that would affect the Court's judgment, and he has not demonstrated any "clear error" or the need to alter the judgment to prevent a "manifest injustice." *Arrieta,* 445 F. App'x at 762. Thus, he has not satisfied Rule 59, and the Court's order dismissing his claims will not be altered.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [20] Motion for Reconsideration filed by Plaintiff Earnest Saucier is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 3rd day of November, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE